IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| COOKIE SALLAS, #12244-122,<br><br>    Petitioner,<br><br>  v.<br><br>WARDEN ESTELA DERR,<br><br>    Respondent. | CIVIL NO. 23-00084 JMS-RT<br><br>**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. SECTION 2241, ECF NO. 1** |

**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. SECTION 2241, ECF NO. 1**

Before the court is pro se Petitioner Cookie Sallas' ("Sallas") "Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. Section 2241 Seeking an Order Directing the Bureau of Prisons to Apply First Step Act Earned Time Credits" ("Petition"). ECF No. 1. The court has reviewed the Petition pursuant to Habeas Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"). Because Sallas admits that she failed to exhaust administrative remedies, and the court concludes that waiving the exhaustion requirement is not appropriate here, the Petition is DISMISSED without prejudice, but without leave to amend.

# I. BACKGROUND

On October 13, 2022, Sallas pleaded guilty to bank fraud, in violation of 18 U.S.C. § 1344, and aggravated identify theft, in violation of 18 U.S.C. § 1028A.  *See* Memorandum of Plea Agreement, *United States v. Sallas*, Cr. No. 22-00090 JMS (D. Haw. Oct. 13, 2022), ECF No. 69.  On January 26, 2023, the court sentenced Sallas to a total term of ninth months' imprisonment and four years' supervised release.  *See* Judgment in a Criminal Case, *Sallas*, Cr. No. 22-00090 JMS (D. Haw. Jan. 26, 2023), ECF No. 78.[1]

Sallas is now incarcerated at the Federal Detention Center in Honolulu, Hawaii ("FDC Honolulu").  *See* Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (select "Find By Number"; enter "12244-122"; and select "Search") (last visited Apr. 5, 2023).  The Federal Bureau of Prisons' ("BOP") inmate locator currently states that Sallas' projected release date is September 6, 2023.  *Id.*

On February 14, 2023, the court received the Petition.  ECF No. 1.  In the Petition, Sallas seeks an order "directing the BOP to apply [her] FSA Earned Time Credits."[2]  *Id.* at PageID.1.  If these credits were properly applied, Sallas

---

[1] Unless otherwise specified, all other references to filings in this Order are to the docket in Civ. No. 23-00084 JMS-RT.

[2] Section 3632(d)(4)(A) provides that those eligible federal inmates who successfully complete evidence-based recidivism reduction programming or productive activities may earn time credits

(continued . . .)

contends, she would be released sometime in June 2023. *Id.* In the Petition, Sallas "admit[s] that [she] did not exhaust [her] administrative remedies before seeking relief under 28 U.S.C. Section 2241." *Id.*

On March 3, 2023, the court issued an Order to Show Cause Why the Petition, ECF No. 1, Should Not Be Dismissed. ECF No. 4. The court ordered Sallas to show cause in writing why the Petition should not be dismissed without prejudice for failure to exhaust administrative remedies. *Id.* at PageID.12. The court received Sallas' Response on March 10, 2023. ECF No. 5. Although the court provided Respondent with the opportunity to file an optional response on or before March 31, 2023, *see* ECF No. 4 at PageID.13, she has opted not to respond. Pursuant to Local Rule 7.1(c), the court elects to decide the Petition without a hearing.

## II. SCREENING

Habeas Rule 4 states that a district court must "promptly examine" each petition and dismiss a petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *See Mayle v. Felix*, 545 U.S. 644, 656 (2005); *Hung Viet Vu v. Kirkland*, 363 F. App'x 439, 441–42 (9th Cir. 2010). This rule also applies to a habeas petition

---

that are applied toward time in prerelease custody or supervised release. *See* 18 U.S.C. § 3632(d)(4)(A)–(D).

brought under 28 U.S.C. § 2241. *See* Habeas Rule 1(b) (providing that district courts may apply the Habeas Rules to habeas petitions that are not brought under 28 U.S.C. § 2254); *Lane v. Feather*, 584 F. App'x 843, 843 (9th Cir. 2014) ("[T]he district court did not err by applying Rule 4 of the Rules Governing Section 2254 Cases to the instant petition [under 28 U.S.C. § 2241].").

### III.  DISCUSSION

A.  **Habeas Petitions Under 28 U.S.C. § 2241**

Section 2241 allows a district court to consider an application for a writ of habeas corpus from a prisoner claiming to be "in custody in violation of the Constitution or laws or treaties of the United States[.]"  28 U.S.C. § 2241(a), (c)(3). "Generally, motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court."  *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000).

B.  **Exhaustion of Administrative Remedies**

"As a prudential matter, courts require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241."  *Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2012) (citations omitted); *see also Martinez v. Roberts*, 804 F.2d 570, 571 (9th Cir. 1986) (per curiam)

("Federal prisoners are required to exhaust their federal administrative remedies prior to bringing a petition for a writ of habeas corpus in federal court.").

Requiring a petitioner to exhaust her administrative remedies aids "judicial review by allowing the appropriate development of a factual record in an expert forum," conserves "the court's time because of the possibility that the relief applied for may be granted at the administrative level," and allows "the administrative agency an opportunity to correct errors occurring in the course of administrative proceedings." *Ruviwat v. Smith*, 701 F.2d 844, 845 (9th Cir. 1983) (per curiam).

In general, proper exhaustion requires compliance with an agency's deadlines and other critical procedural rules. *See Woodford v. Ngo*, 548 U.S. 81, 88–93 (2006) (addressing exhaustion in the context of administrative law, habeas petitions filed pursuant to 28 U.S.C. § 2254, and the Prison Litigation Reform Act); *see also Kelly v. Dir., Fed. Bureau of Prisons*, 2014 WL 1270530, at *4 (E.D. Cal. Mar. 26, 2014) (applying *Woodford* to a habeas petition brought pursuant to 28 U.S.C. § 2241).

Federal inmates may "seek formal review of an issue relating to any aspect of his/her confinement" through the administrative remedy program. 28 C.F.R. § 542.10(a). The administrative remedy program consists of the following four steps: (1) presenting an issue of concern informally to staff, *see*

28 C.F.R. § 542.13(a); (2) submitting a formal request for administrative remedies to a facility's warden, *see* 28 C.F.R. § 542.14(a); (3) appealing to the appropriate Regional Director, *see* 28 C.F.R. § 542.15(a); and (4) appealing to the BOP's General Counsel, *see id.*; *see also Seina v. Fed. Det. Ctr.-Honolulu*, 2016 WL 6775633, at *5 (D. Haw. Nov. 15, 2016) (describing the BOP's four-step administrative remedy procedure). "Inmates may seek review of the loss of earned FSA Time Credits through the [BOP's] Administrative Remedy Program." 28 C.F.R. § 523.43(b) (citation omitted).

Courts have discretion to waive the exhaustion requirement in various situations, including "where administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004) (internal quotation marks and citation omitted). This discretion, however, "is not unfettered." *Id.* at 998; *see also Murillo v. Mathews*, 588 F.2d 759, 762 n.8 (9th Cir. 1978) ("Although the '(a)pplication of the rule requiring exhaustion is not jurisdictional, but calls for the sound exercise of judicial discretion,' it is not lightly to be disregarded.") (citation omitted). A "key consideration" in exercising such discretion is whether "'relaxation of the requirement would encourage the deliberate bypass of the administrative scheme.'" *Laing*, 370 F.3d at 1000 (citation omitted).

District courts may *sua sponte* dismiss a petition filed pursuant to 28 U.S.C. § 2241 for failure to exhaust administrative remedies. *See Kunsman v. Carlson*, 934 F.2d 324 (9th Cir. 1991) (unpublished) (affirming *sua sponte* dismissal of habeas petition); *Warren v. Floyd*, 35 F.3d 573 (9th Cir. 1994) (unpublished) (same); *see also Feldman v. U.S. Parole Comm'n*, 841 F.2d 1129 (9th Cir. 1988) (unpublished) (stating that a district court may *sua sponte* dismiss for failure to exhaust administrative remedies after providing notice to the petitioner and an opportunity to oppose the dismissal).

Here, Sallas admits in the Petition that she has not exhausted her administrative remedies. *See* ECF No. 1 at PageID.1 ("I did not exhaust my administrative remedies."). Thus, the Petition must be dismissed unless the court concludes, as a matter of discretion, that the exhaustion requirement should be waived.

In her Response, Sallas asserts that the exhaustion requirement should be waived because administrative remedies were effectively unavailable to her. ECF No. 5 at PageID.14. According to Sallas, she attempted to pursue administrative remedies but an unnamed prison official at FDC Honolulu refused to provide her with a grievance form. *Id.* In some situations, courts have waived an exhaustion requirement where prison officials failed to provide grievance forms to inmates. *See Sapp v. Kimbrell*, 623 F.3d 813, 822 (9th Cir. 2010) (citing

7

decisions in other circuits holding that exhaustion is not required where prison officials refuse to give a prisoner the forms necessary to file an administrative grievance).

The court declines to waive the exhaustion requirement here, however, for several reasons. First, to the extent Sallas asserts that earned time credits should be applied, "[t]he computation of a prisoner's length of confinement is exactly the type of case in which the exhaustion of administrative remedies is appropriate." *Jones v. Reese*, 1998 WL 827504, at *1 (N.D. Cal. Nov. 24, 1998) (citing *Chua Han Mow v. United States*, 730 F.2d 1308, 1313–14 (9th Cir. 1984)). Indeed, the BOP is particularly well suited to consider such claims. *See Hanson v. Hendrix*, 2022 WL 4182535, at *2 (D. Or. Sept. 13, 2022) ("[T]he exhaustion requirement is particularly well-suited to address issues involving eligibility for earned time credits, as BOP has the authority to calculate prison sentences."). Thus, the BOP is well suited to address Sallas' claims.

Second, Sallas still has time to pursue her claims administratively. According to Sallas, even if her earned time credits were properly applied, she would not be released from FDC Honolulu until sometime in June 2023. As a result, Sallas has at least this month and next to exhaust her administrative remedies. Thus, this is not a situation where irreparable injury will result from requiring exhaustion.

Finally, requiring Sallas to exhaust her administrative remedies aids "judicial review by allowing the appropriate development of a factual record in an expert forum," conserves "the court's time because of the possibility that the relief applied for may be granted at the administrative level," and allows "the administrative agency an opportunity to correct errors occurring in the course of administrative proceedings."  *Ruviwat*, 701 F.2d at 845; *see also Yanagihara v. Derr*, 2023 WL 2163685, at *5 (D. Haw. Feb. 22, 2023) (dismissing habeas petition challenging calculation of First Step Act earned time credits because petitioner failed to exhaust administrative remedies).  Waiving the exhaustion requirement in this case would only encourage other inmates to skirt the BOP's administrative remedy program.

The best method for Sallas to have her claims considered at this time, therefore, is through the BOP's administrative remedy program.  *See Mohammad v. Thompson*, 2022 WL 4484545, at *3 (E.D. Cal. Sept. 27, 2022) ("The BOP should be given the first opportunity to address petitioner's argument that he is entitled to . . . earned time credits."), *report and recommendation adopted*, 2022 WL 17721472 (E.D. Cal. Dec. 15, 2022).

## IV. **CONCLUSION**

1. The Petition is DISMISSED without prejudice, but without leave to amend, because Sallas failed to exhaust administrative remedies and waiver of the exhaustion requirement is not appropriate in this case.

2. Upon request by Sallas, Respondent is DIRECTED to ensure that Sallas receives any forms required to exhaust administratively the claims raised in the Petition.

3. The Clerk is DIRECTED to close this case.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, April 5, 2023.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Sallas v. Derr*, Civ. No. 23-00084 JMS-RT, Order Dismissing Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. Section 2241, ECF No. 1